UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERRY DAME,

        Plaintiff,                              Case Number 16-10043
                                                                    Honorable David M. Lawson
v.                                                                Magistrate Judge Patricia T. Morris

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AFFIRMING THE FINDINGS OF THE COMMISSIONER, AND DISMISSING COMPLAINT**

The plaintiff filed the present action on January 6, 2016 seeking review of the Commissioner's decision denying the plaintiff's claim for a period of disability and disability insurance benefits under Title II of the Social Security Act. The case was referred to United States Magistrate Judge Patricia T. Morris under 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgement to reverse the decision of the Commissioner and remand the case for an award of benefits or further consideration by the administrative law judge. The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Morris filed a report on October 18, 2016 recommending that the plaintiff's motion for summary judgment be denied, the defendant's motion for summary judgment be granted, and the decision of the Commissioner be affirmed. The plaintiff filed timely objections to the recommendation, and the defendant filed a response to the plaintiff's objections. This matter is now before the Court.

The filing of timely objections to a report and recommendation requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The Court has reviewed the file, the report and recommendation, the plaintiff's objections, and the defendant's response, and has made a *de novo* review of the administrative record in light of the parties' submissions.

The plaintiff, who is now 58 years old, filed an application for disability insurance benefits on June 17, 2013, when she was 54. The plaintiff has an associates degree, and previously worked as a teacher's aide, cashier, and store laborer. In her application for disability insurance benefits, the plaintiff alleged a disability onset date of January 1, 2013. The plaintiff has been diagnosed with

a variety of ailments, including degenerative disc disease, carpal tunnel syndrome, obesity, hypertension, acid reflux disease, diverticulosis, asthma, and diabetes mellitus.

The plaintiff's application for a period of disability and disability insurance benefits was initially denied on October 16, 2013. The plaintiff timely filed a request for an administrative hearing, and on May 18, 2015 the plaintiff appeared before Administrative Law Judge (ALJ) Andrew G. Sloss. On May 22, 2015, ALJ Sloss issued a written decision in which he found that the plaintiff was not disabled. On November 11, 2015, the Appeals Council denied the plaintiff's request for review of the ALJ's decision. The plaintiff filed her complaint seeking judicial review on January 6, 2016.

ALJ Sloss reached his conclusion that the plaintiff was not disabled by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 404.1520. He found that the plaintiff had not engaged in substantial gainful activity since the alleged onset date of January 1, 2013 (step one); the plaintiff suffered from degenerative disc disease, carpal tunnel syndrome, and obesity, impairments which were "severe" within the meaning of the Social Security Act (step two); none of those impairments alone or in combination met or equaled a listing in the regulations (step three); and the plaintiff is capable of performing past relevant work as a cashier, which was unskilled and required light exertion (step four).

In applying the fourth step, the ALJ concluded that the plaintiff had the residual functional capacity to perform a range of light work, except that she can climb ramps or stairs frequently, but must avoid concentrated exposure to vibration. A vocational expert testified that the plaintiff's residual functional capacity allowed her to perform her previous work as a cashier, as that job is

generally performed. Based on those findings, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act.

In her motion for summary judgment, the plaintiff advanced three arguments: (1) that the ALJ erred in assigning little weight to the opinions from treating sources Dr. Michael Giacalone and Nurse Practitioner Topaz Holloway; (2) that the ALJ improperly assessed and determined the plaintiff's credibility; and (3) that the ALJ erred in finding that the plaintiff was capable of performing the job of cashier. The magistrate judge considered each of those arguments in turn and rejected them. The plaintiff's objections to the report and recommendation do not contain any claim that the magistrate judge misapplied the law or committed specific error. Rather, the objections mainly are a rehash of the summary judgment arguments and an assertion of disagreement with the magistrate judge's conclusions.

### A. Objection One

The plaintiff argues that the magistrate judge erred by concluding that the weight the ALJ gave to the plaintiff's treating physician's and treating nurse practitioner's opinions was supported by substantial evidence. She takes no issue that the ALJ correctly concluded that Dr. Giacalone's signature on the medical report deserved no weight, because there was no record that he ever saw or treated the plaintiff. Nor does she contest the finding that a nurse practitioner is not an "acceptable medical source" within the meaning of 20 C.F.R. § 404.1527(c). Instead, she argues that the ALJ too easily discounted the report, which also was signed by the nurse practitioner, in violation of Social Security Ruling (SSR) 06-3p, which requires the ALJ to consider various factors when deciding the weight to be given to opinions from "other sources." However, as the magistrate judge explained in detail, the ALJ gave ample reasons for giving the opinion little weight, and those

reasons were supported by substantial record evidence. That explanation is cogent and accurate, and the Court adopts it. The discussion need not be repeated at length here. It is sufficient to note that the August 2012 EMG showed mild carpal tunnel syndrome, and the April 2015 study characterized the plaintiff's carpal tunnel syndrome as borderline in severity. Dr. Bhangu's recommendations to wear wrist splints and to avoid repetitive movements do not support the severe limitations in Nurse Holloway's opinion. The record also shows that in August 2012, Dr. Bhangu observed that the plaintiff looked comfortable, she was in no acute stress, her CN examination was nonfocal, her motor strength and cerbellar examination were normal, she had no drift, pronation, or muscular atrophy, and her sensory examination was unremarkable. Moreover, the ALJ found that Nurse Holloway's opinion was internally inconsistent, her treatment notes failed to support the severe restrictions in her assessment, and while her opinion was co-signed by a doctor, there was no evidence that Dr. Giacolone ever treated the plaintiff.

Although there may be other evidence in the record that supports the plaintiff's disability contentions, in making the substantiality of evidence determination, the Court does not base its decision on a single piece of evidence and disregard other pertinent evidence when evaluating whether substantial evidence in the record exists. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). Therefore, where the Commissioner's decision is supported by substantial evidence, it must be upheld even if the record might support a contrary conclusion. *Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). The substantial evidence standard "presupposes that there is a zone of choice within which decisionmakers can go either way, without interference from the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (internal quotes and citations omitted). When deciding under 42 U.S.C. § 405(g) whether substantial evidence supports

the ALJ's decision, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984); *see also Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008); *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). Instead, the Court must uphold "the ALJ's decision if there is 'such relevant evidence as a reasonable mind might accept' as sufficient to support the ALJ's conclusion." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (quoting *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001 (citation omitted)). "The substantial evidence standard is less exacting than the preponderance of evidence standard." *Ibid.* (citing *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 246 (6th Cir. 1996). If the ALJ's decision is supported by substantial evidence, reversal would not be warranted even if substantial evidence supports the opposite conclusion. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).

The magistrate judge reached the correct conclusion and accurately applied the governing law. The first objection will be overruled.

### B. Objection Two

The plaintiff argues that the magistrate judge erred by finding that the ALJ's credibility analysis was accurate. The plaintiff contends that the ALJ's credibility finding was flawed because it ignored Social Security Ruling 96-7p and 20 C.F.R. § 404.1529. And she argues that the magistrate judge did not point to any inconsistency in the record that would support a non-credibility or partial credibility finding. She insists that the objective medical evidence supports her functional limitations. However, as noted earlier, substantial evidence also supports the ALJ's determination, and that is sufficient to affirm the findings of the Commissioner. *Smith,* 893 F.2d at 108.

The magistrate judge correctly concluded that the ALJ followed the proper procedure to evaluate the plaintiff's subjective complaints and the objective medical evidence in the record, and the ALJ provided his rationale for his finding. The defendant notes that the magistrate discussed several inconsistencies in the record, including that the consultative examiner found full grip strength and dexterity; there was a lack of evidence that the plaintiff sought treatment for other conditions, including diverticulitis, asthma, and diabetes mellitus; and there was a tension between the plaintiff's claim that she stopped working in 2008, to care for her husband, and her statement that she was going to quit working due to her medical conditions.

The magistrate judge also found accurately that the ALJ provided multiple reasons to support his finding that the plaintiff's complaints of intractable back and hand pain were partially credible. The ALJ noted that the evidence only indicated mild to moderate spondylosis, there was no evidence that substantiated the plaintiff's assertions regarding her ability to stand and walk and her need for an electric cart, she had no observed difficulty walking at the hearing, her carpal tunnel syndrome was characterized as borderline, the consultative examiner found that her grip strength and dexterity were full, there was no evidence of treatment for the multiple impairments she claimed to have, and she provided inconsistent explanations for why she stopped working.

The second objection will be overruled.

### C. Objection Three

Finally, the plaintiff argues that the magistrate judge erred by failing to correct the ALJ's determination that the plaintiff could perform work as a cashier. Repeating her summary judgment argument, the plaintiff asserts again that the ALJ erred in his residual functional capacity assessment by finding that the plaintiff was only limited to avoiding concentrated exposure to vibration. The

plaintiff argues that the ALJ did not have to find that her carpal tunnel syndrome was "totally disabling" in order to make a disability finding. She argues that a finding of less frequent use of no more than two hours was appropriate, and such a finding would preclude the plaintiff from engaging in her past work as a cashier.

The magistrate judge thoroughly considered and discussed this argument in her report. The Court finds no flaw in the magistrate judge's reasoning or conclusions and adopts them. The third objection will be overruled.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching her conclusion. The Court has considered the plaintiff's objections to the report and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #16] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections [dkt. #17] are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt. #13] is **DENIED**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt #14] is **GRANTED**. The findings of the Commissioner are **AFFIRMED**.

                s/David M. Lawson
                DAVID M. LAWSON
                United States District Judge

Dated: February 22, 2017

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 22, 2017.

        s/Susan Pinkowski
        SUSAN PINKOWSKI